IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENT KRUEGER, | § | |
| TDCJ-CID #1035366, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. H-04-0890 |
| | § | |
| EDGAR HULIPAS, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Kent Krueger, an inmate of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeding *pro se*, filed suit under 42 U.S.C. § 1983 against TDCJ physician Edgar Hulipas. Both Krueger and Hulipas filed motions for summary judgment. (Docket Entries No. 39, 40). Krueger filed a response to Hulipas' motion. (Docket Entry No. 41).

After careful consideration of the pleadings, the motions and response, the summary judgment evidence, and the applicable law, the Court denies Krueger's motion for summary judgment, grants Hulipas' motion for summary judgment, and dismisses this case.

**I.     BACKGROUND AND CLAIMS**

Krueger claims that Hulipas denied him adequate medical care for his chronic viral hepatitis C (HCV) in violation of the Eighth Amendment. Krueger concedes he has been afforded medical care and attention, as evidenced by the medical records submitted by both parties. He complains, however, that Hulipas refused to refer him to a gastroenterologist or

treat his HCV with the antiviral medications interferon and ribavirin. Interferon and ribavirin are available to some inmates with HCV if they qualify under the TDCJ-CID Policy B-14.13 treatment protocol. Krueger argues that he met all the requirements of the protocol, and that Hulipas' refusal to provide the antiviral medications or a referral to a specialist constituted deliberate indifference to his serious medical needs. Krueger seeks $950,000.00 in compensatory and punitive damages.

## II.   ANALYSIS

A.   Summary Judgment Standard of Review

In deciding a motion for summary judgment, the court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). All evidence must be construed "in the light most favorable to the nonmoving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996). The nonmovant cannot rely on conclusory allegations or unsubstantiated assertions to establish that there is a triable issue. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 (5th Cir. 1996).

B.      Deliberate Indifference

Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To prevail on such a claim, an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Id*. at 105-06. The legal conclusion of deliberate indifference must rest on facts clearly evincing wanton actions on the part of the defendant. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

A showing of deliberate indifference requires the inmate to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Absent exceptional circumstances, an inmate's disagreement with his medical treatment is not actionable under § 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Krueger's medical records show that he was diagnosed with HCV in 1998 (Docket Entry No. 41, Exhibit A, p. 16), and was examined in Hulipas' unit clinic as a new patient

on February 13, 2002. (*Id*.) During the examination, Krueger complained of abdominal pain, fatigue, and that this prior unit had not properly treated his conditions. A history of psychiatric conditions and treatment was noted. Laboratory and diagnostic work-up and monitoring was ordered and undertaken. (*Id*., pp. 5-18; 25-31; 46-52).

In April of 2002, Krueger requested, and was evaluated for, participation in the interferon and ribavirin treatment protocol. (*Id*., pp. 2-4). In his evaluation, it was noted that Krueger had "severe depression or other neuropsychiatric problems," and that he was "on medications for neuropsychiatric problems." These two factors were listed as "absolute contraindications to [interferon] therapy" under the protocol. (*Id*., p. 2). Krueger told medical staff that his unit psychiatrist had cleared him to participate in the protocol, but medical staff noted no documentation of psychiatric clearance could be found. (*Id*., p. 53). He was referred to Dr. Pham for psychiatric clearance. (*Id*.). Nothing in the medical records indicates that Dr. Pham or any other psychiatrist subsequently cleared Krueger to participate in the HCV interferon protocol.

Krueger's medical records show that his HCV has been monitored and treatment provided as needed. The fact that Krueger disagrees with Hulipas' refusal to prescribe the antiviral medications or refer him to a specialist does not establish deliberate indifference to his serious medical needs. *See, e.g., Davidson v. Tex. Dep't Criminal Justice*, 91 Fed. Appx. 963, 965 (5th Cir. 2004). The protocol evaluation and Krueger's medical records indicate that he is medically contraindicated from taking interferon and ribavirin. Hulipas' decisions

4

against the use of antiviral treatment or a specialist were decisions based in professional medical judgment, and did not rise to the level of an Eighth Amendment violation.

### III.   CONCLUSION

Accordingly, the Court enters the following orders:

1. Plaintiff's motion for summary judgment (Docket Entry No. 39) is **DENIED**.

2. Defendant's motion for summary judgment (Docket Entry No. 40) is **GRANTED**.

3. This lawsuit is **DISMISSED**.

**SIGNED** on this 9th day of March, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE